## FLOYD WILLIS *v.* J. L. LOWERY.

[57 South. 418.]

PRINCIPAL AND AGENT. *Intoxication of agent. Grounds of discharge.*
Intoxication covering a period of two or three months on the part of an agent employed as a cotton buyer, to such an extent as to incapacitate him for business, justifies his discharge before the termination of his contract for service, although at the time of the discharge he had quit drinking, as the employer was under no obligation to take further risk.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Suit by J. L. Lowery against Floyd Willis. From a judgment for plaintiff, defendant appeals.

The appellee, who was the plaintiff in the court below, brought suit against the appellant for a balance alleged to be due him as salary. From a judgment for plaintiff, defendant appeals. The opinion states the facts.

On the trial the court, over the objection of the defendant, gave the following instruction at the request of plaintiff, to-wit: "No. 1. If the jury believe that plaintiff quit drinking before December 28, 1909, and was not thereafter incapacitated from performing his duties as cotton buyer for defendant, and did properly perform his duties thereafter, then the jury will find for the plaintiff in the full amount sued for, with six per cent interest from March 1, 1910."

The court refused the following instruction asked by the defendant, to-wit: "No. 1. The court instructs the jury for the defendant that if you believe from the evidence that, unknown to the defendant, the plaintiff had been drunk during the greater part of the months of October, November, and December, A. D. 1909, so as to so seriously interfere with the proper discharge

of his duties to defendant, and that defendant discharged him as soon as he found out this fact, then it makes no difference that at or about the time of the discharge plaintiff sobered up without the knowledge of defendant, still defendant had a right to discharge him, and the jury will in such case find for the defendant.''

*W. J. Croom* and *Powell & Thompson*, for appellant.

We contend that the court manifestly erred in refusing the following instruction asked for by the defendant, to-wit:

''No. 1.—The court instructs the jury for the defendant that if you believe from the evidence that unknown to the defendant the plaintiff had been drunk during the greater part of the months of October, November and December, A. D, 1910, so as to seriously interfere with the proper discharge of his duties to defendant, and that defendant discharged him as soon as he found out this fact then it makes no difference that at or about the time of the discharge the plaintiff sobered up without the knowledge of defendant. Still the defendant had a right to discharge him and the jury will in such case find for the defendant.

Defendant and other witnesses testified to the facts recited in this instruction and if they were true manifestly appellant had a right to discharge his agent when he ascertained the real facts and it makes no difference that at the time of his discharge appellee had quit drinking; appellant was certainly under no obligation to take any further risk in the matter. He had a right to judge the future by the past and for good cause discharge an unfaithful servant.

*J. H. Thompson* for appellee.

The only instruction refused defendant (appellant) of which he now complains is as follows:

''The court instructs the jury for the defendant that if they believe from the evidence that unknown to the

defendant the plaintiff had been drunk during the greater part of the months of October, November and December, A. D., 1909, so much so as to seriously interfere with the proper discharge of his duty to defendant, and that defendant discharged him as soon as he found out this fact, then it makes no difference that at or about the time of the discharge plaintiff sobered up without the knowledge of the defendant, still defendant had a right to discharge him and the jury will in such case find for defendant.''

In view of the evidence this instruction would have been erroneous. In the first place it assumes a discharge of the servant, which was not proven. In the second place, it entirely ignores the proof that the salary for the months mentioned was not sued for, having been paid, and entirely ignores the proof that services were required and rendered for the two months in which the plaintiff did not drink.

The jury was left free to say whether Lowery was discharged. It said he was not.

The jury was left free to say whether Lowery was incapacitated from rendering his master good service. It said he was not.

The questions of fact raised in the case were fairly submitted to the jury—the jury believed the fact presented by the plaintiff, and the judgment should stand.

SMITH, J., delivered the opinion of the court.

Appellant is a cotton buyer at Jackson, but maintains an office at Mt. Olive. In August, 1909, appellee was employed by appellant to buy cotton for him at Mt. Olive, at a salary of sixty dollars per month for six months, beginning September 1st. On the 28th day of December following appellee having up to that time purchased very little, if any cotton, appellant wrote him the following letter, which was duly received: ''12/28/09. J. L. Lowery, Esq., Mt. Olive—Dear Sir: We shall have

to discontinue our present arrangement there on the 1st January, but will try to buy some cotton in the market later on a commission basis of 3 points.  Yours truly, Floyd Willis."

According to appellant's evidence, the reason why appellee failed to purchase any cotton was that he had been for the months of October, November, and December practically all the time under the influence of intoxicating liquor to such an extent as to incapacitate him for attending to business.  Appellee admits that he had been drunk a good many times during these months, but claims that at no time while on duty was he incapable of attending to business, and states that the reason he bought no cotton was that the limit given him by appellant was lower than that of other buyers.  Appellant's letter discharging appellee was written a few days after he ascertained the fact of appellee's use of intoxicating liquors.  Appellee states that he declined to acquiesce in this discharge, and so wrote appellant, who denies having received the letter.  Appellee bought some cotton after December 28th, for which appellant offered to pay him a commission; but he declined to accept it, and instituted this suit to recover his wages for January and February, and succeeded in obtaining a judgment therefor.

If it be true that appellee used intoxicating liquor to the extent and for the length of time that appellant claims he had, then appellant was justified in discharging him when he ascertained that fact, and it makes no difference that at the time of his discharge appellee had quit drinking.  Appellant was under no obligation to take any further risk in the matter.  It was, therefore, error for the court to grant instruction No. 1 for appellee, and to refuse instruction No. 1 for appellant.

*Reversed and remanded.*